# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## DOCKET NO. 5:14CR72-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARIE ABERNATHY, MALDONADO et als. ) | |
|    Defendants, ) | **ORDER** |
| ) | |
| ) | |
| In Re: LETICIA SANCHEZ GUILLEN, AND ) | |
|    FRANCISCO HERRERA MEDINA, ) | |
| ) | |
|    Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|    Plaintiff. ) | |
|                         ) | |

   This cause is before the Court sua sponte to address certain matters pertinent to a hearing to be held in the United States Courthouse, 200 West Broad Street, Statesville, NC, 28677 at 2:00 o'clock p. m. on March 5, 2018. The hearing is part of an ancillary proceeding by which the Court will consider the Government's motion to dismiss Petitioners' third party petition seeking a determination of their present interest, if any, in two subject parcels of real property, and also the merits of the petition, all as contemplated under Fed. R. Crim. P. 32.2(c) and Title 21, Section 853(n).

   The Government ultimately seeks a final order of forfeiture confirming its title to the said parcels of real property, which lie in Iredell County, NC, and are identified by

street address as "114 Teross" (Lane) and "107 Teross". The parties have filed briefs in support of their respective positions. The evidence to date appears to consist of the verified petition, answers to interrogatories by Petitioner Guillen (Doc. 474-7), and her deposition testimony (Doc. 474-8), and documents of record in the Iredell County Public Registry, of which the court may take judicial notice. Several of such documents, primarily deeds and deeds of trust and their cancellations are referred to below.

The following aspects of the procedural history of this matter would appear to be relevant:

After a traffic interdiction and seizure of cash in Mississippi on November 6, 2013, DEA agents and Iredell County Sheriff's Officers executed a search warrant of 107 Teross, as part of a drug trafficking investigation. On October 30, 2014, the Government filed a sealed criminal complaint against Maria Abernethy, a/k/a Rosy Maldonado, hereinafter referred to as "Abernethy" and David Maldonado Rendon, hereinafter "Maldonado" (hereinafter jointly referred to as "Defendants"), and others, alleging drug charges under 21 U. S. C. Sec. 841(a)(1) and 846. Defendants were arrested on that same day. On November 19, 2014, Defendants were indicted (Doc. 59), along with a number of other defendants, on said drug charges. The Indictment included in its text a "Notice of Forfeiture and Finding of Probable Cause" broadly covering the subject properties. That was followed by a notice captioned "Second Bill of Particulars (forfeiture)" (Doc. 115) specifically covering the subject properties. The charges resulted in guilty pleas (Doc. 209 and Doc. 235, respectively) and consent orders by Abernethy (Doc. 250) forfeiting the subject properties and by Maldonado

2

(Doc. 238) forfeiting certain other properties (not specifically including the subject properties), subject to third party petitions under 21 U.S.C § 853(n) pending final adjudication. Petitioners filed their third party petition on November 19, 2015, alleging they have legal title to the subject properties. The following information is gleaned from and appears to be supported by documents of record in the Iredell County Public Registry:

The properties are located in the Town of Troutman, Fallstown Township, Iredell County, North Carolina. One of the subject properties is identified as having the address "114 Teross" and the other "107 Teross". Each relevant entry on the chain of title is noted, beginning with the earliest date of recording, as follows:[1]

> October 24, 2005. Book 1692 at page 1297.
>
> Property: 114 Teross, described as 1.34 acres.
>
> Instrument: general warranty deed drawn by attorney Farlow.
>
> Grantors: the Bargers, to grantees Guillen and Medina, showing the latter's residence address as 114 Teross. Excise tax of $100 at the statutory rate of $2.00 per thousand indicates consideration. Conveyance is specified as subject to ad valorem taxes for current and subsequent years. This sale was secured by a deed of trust reciting a loan of $47,500 in favor of Peoples Bank, recorded October 24, 2005, at deed book 1692, page 1300, and cancelled on April 5, 2013 (book 2134 at page 599) A later deed of trust reciting indebtedness in the amount of $20,000 in favor of Action Immigration Bonds& Insurance Services, Inc., a Florida corporation, recorded on September 26, 2011 was imposed on this property at book 2137 at page 1546, and cancelled on April 2, 2013 at book 2233, page 1115.

---

[1] The dates of the instruments fall close to and just prior to the dates of recording.

March 16, 2010. Book 2054 at page 889.

Property: 107 Teross, including as a fixture a 1988 Clayton 14 feet by 70 feet mobile home.

Instrument: general warranty deed drawn by attorney L. Hugh West, Jr.

Grantors: the Tunstalls, to grantees Guillen and Medina. Revenue stamps of $50. Ad valorem taxes are pro-rated between the buyers and sellers. This sale was secured by a purchase money deed of trust as shown next below.

March 16, 2010. Book 2054 at page 891.

Property: 107 Terose (sic, Teross) Lane.

Instrument: purchase money deed of trust drawn by attorney West.

Grantors: Guillen and Medina, showing their address as 107 Teross, to grantee West, trustee for the Tunstalls, securing loan of $23,000, final due date May 1, 2014.This deed of trust has not been cancelled of record. A later deed of trust reciting an indebtedness in the amount of $20,000 in favor of Action Immigration Bonds and Insurance Services, Inc., a Florida corporation, recorded on September 26, 2011, was imposed on the property at book 2137, page 1716, and cancelled on April 2, 2013 at book 2233, page 1116.

April 29, 2013. Book 2238 at page 1720.

Property: 114 Teross.

Instrument: general warranty deed drawn by attorney Thomas M. Brooke. Grantors: Medina "and wife", Guillen, to grantees Maldonado "and wife" Abernathy.

It recites: "No opinion of title is expressed or implied". Revenue tax shown as

$0.00. The granting clause recites the conveyance is "…for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged…." No mention is made of ad valorem taxes.

December 2, 2013. Book 2277 at page 973.

Property: 107 Teross.

Instrument: general warranty deed drawn by attorney Brooke.

Grantors: Guillen and Medina, now showing their address as 5030 Athens Street, Kannapolis, North Carolina, to grantees Abernathy and Maldonado, showing their address as 114 Teross.

It recites: "No opinion of title is expressed or implied". Revenue tax of $0.00. The granting clause recites the conveyance is "…for a valuable consideration paid by Grantee, receipt of which is hereby acknowledged…."  The appended photo-copied metes and bounds description continues to use a recital that ad valorem taxes "for the year 2010" are to be pro-rated.

November 18, 2014. Book 2328 at page 469.

Properties: 114 Teross and 107 Teross.

Instrument: Non-Warranty deed drawn by attorneys "Lancaster & Trotter, P.A.

Grantors: Abernathy "and husband" Maldonado, to grantee Guillen, showing her address as 5030 Athens Street, Kannapolis, North Carolina.

It recites: "No title search performed" by the attorneys, and also states after the

Habendum: "Grantor makes no warranty, express or implied, as to the title to the Property hereinabove described".[2]

---

[2] The Government attached two copies of the same deed recorded November 18, 2014, as Exhibits "C" and "F" to its Motion To Dismiss Forfeiture Petition (Doc. 474) and omitted attaching as its Exhibit "A" the deed at Book 2054, page 889, with recording date of March 16, 2010, referenced above.

At the hearing, in the interest of efficiency and judicial economy, the parties are invited to speak as they may see fit to the completeness and accuracy of the above statement of procedural history related to forfeiture in this matter, and likewise to the completeness and accuracy of the above statement of facts gleaned from the public records, and to offer such other evidence as may be appropriate.

Signed: February 12, 2018

Richard L. Voorhees
United States District Judge