**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

**DOCKET NO. 5:14cr72-RLV**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MARIE ABERNETHY, DAVID MALDONADO et als.<br>Defendants, | ) ) ) | **FINAL ORDER**<br>**AND JUDGMENT CONFIRMING**<br>**FORFEITURE** |
| In Re: LETICIA SANCHEZ GUILLEN, AND<br>FRANCISCO HERRERA MEDINA, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA,<br>Plaintiff. | ) ) ) | |

THIS MATTER is before the Court on the United States' Motion for Final Order and Judgment Confirming Forfeiture. The United States requests, pursuant to Fed. R. Crim. P. 32.2(c)(2), that this Court enter a Final Order and Judgment confirming forfeiture of the following real property (hereafter, "the Property") identified in the Consent Order and Judgment of Forfeiture (Doc. 250) in this case:

> **Real property located 114 Teross Lane, Troutman, North Carolina, more particularly described in a deed recorded at Deed Book 2238 Page 1720 in the Iredell County Public Registry**

> **Real property located at 107 Teross Lane, Troutman, North Carolina, more particularly described in a deed recorded at Deed Book 2277 Page 973 in the Iredell County Public Registry**

For good cause shown and for the reasons set forth herein, this Court will GRANT the Motion. In

support of granting the Motion, this Court FINDS AS FOLLOWS:

## I.     Background

On August 25, 2015, this Court entered the Consent Order and Judgment of Forfeiture for the Property (Doc. 250) based upon Defendant Abernethy's plea of guilty to charges related to a drug trafficking conspiracy, case 5:14cr72.  Defendant Maldonado had likewise pleaded guilty to such charges. Both were duly found guilty and sentenced herein.

The record reflects that, from December 24, 2015 through January 22, 2016, the United States published (Doc. 308), via www.forfeiture.gov, notice of this forfeiture and of the intent of the Government to dispose of the Property according to law, and further notice to all third parties of their rights to petition the Court within sixty days from December 24, 2015, for a hearing to adjudicate the validity of any alleged third party legal interest in the Property.

As to direct notice, the United States sent direct notice of the Consent Order and Judgment of Forfeiture, via the United States Postal Service (USPS) Certified Mail, Return Receipt Requested, to Leticia Sanchez Guillen ("Guillen") c/o her attorney Jorge Cowley (Doc. 291). Guillen reasonably appeared to be a potential claimant.  Said notice was in fact delivered on October 29, 2015, as evidenced by USPS tracking documentation on the record (Doc. 291-1) in this case. Guillen, along with her husband, Francisco Herrera Medina, filed a joint petition (Doc. 272) on November 19, 2015, seeking recognition of alleged interests in the property. This Court dismissed the petition as lacking in merit in open court at a hearing held March 5, 2018, in the Statesville, North Carolina federal courthouse.

The United States sent direct notice of the Consent Order and Judgment of Forfeiture, via the United States Postal Service (USPS) Certified Mail, Return Receipt Requested, to William and Carolyn Mead c/o attorneys David H. Black and Howard S. Irvin (Doc. 318), both parties who

reasonably appeared to be potential claimants.  Said notice was in fact delivered on January 28, 2016, as evidenced by USPS tracking documentation on the record (Doc. 318-1) in this case. Neither of these parties filed a petition.

Other than as herein described, no third party filed a petition in response to the publication of notice or to direct notice of forfeiture.

## II.     Legal Analysis

Pursuant to Rule 32.2(c)(2), "[w]hen the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights."  No individuals or entities have filed petitions (other than as herein described) and the time for doing so has expired.  Therefore, granting of the request for Final Order is appropriate to give the Government clear title to the Property for disposition in accordance with law.

## III.     Decretal

It is, therefore, ORDERED:

In accordance with Rule 32.2(c)(2), the Consent Order and Judgment of Forfeiture is confirmed as final.  All right, title, and interest in the above described property, whether real, personal, or mixed, has therefore been forfeited to the United States for disposition according to law pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 982, and 28 U.S.C. § 2461(c), and the United States shall have clear title to the property and may warrant good title as set forth in  21 U.S.C. § 853(n)(7).

For the reasons set forth by the Court at the aforesaid hearing, the Court has declared the deed dated November 14, 2014, and recorded at Deed Books 2328 at Page 469 of the Iredell County Registry to be a nullity and of no force and effect, since the named grantors therein, Maria Del Roco de Abernathy and husband David Maldonado-Rendon had theretofore lost, by way of

the instant criminal case and forfeiture proceedings, all right, title and interest therein by way of forfeiture to the United States.

Signed: March 12, 2018

Richard L. Voorhees
United States District Judge